UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOHN SMITH,                                    :        Case No. 22-Civ-7384 (VSB)

                    Plaintiff,         :

          -against-              :        **ANSWER**

DEPUTY SUPERINTENDENT EILEEN
GONZALEZ-RUSSELL,                   :
DEPUTY SUPERINTENDENT FOR PREA
ELAINE VELEZ,                             :
DOCTOR MICHELLE SMALL,          :
OFFENDER REHABILITATION
COORDINATOR LAURA SCHADE,    :
PREA SERGEANT I. MEDINA,
SUPERVISING OFFENDER                :
REHABILITATION COORDINATOR JOY
DEJESUS, and                                 :
SUPERINTENDENT AMY LAMANNA in
their individual capacities,               :        **(JURY TRIAL DEMANDED)**

               Defendants.
-------------------------------------------------------- X

      Defendants Superintendent[1] (Supt.) Eileen Gonzalez Russell, Deputy Superintendent (DS)

Elaine Velez, Dr. Michelle Small, Assistant Deputy Superintendent (ADS) Laura Schade, Sergeant

(Sgt.) Irialis Medina, Supervising Offender Rehabilitation Coordinator (SORC) Joy DeJesus and

Supt. Amy LaManna, by their attorney, Letitia James, Attorney General of the State of New York,

deny all allegations not expressly and specifically admitted below and answer the Plaintiff's

Complaint as follows:

---

[1] All Defendants are identified by their current positions.

**PRELIMINARY STATEMENT**

1.      Answering Paragraph (Para.) 1 of the Complaint, the allegations are conclusions of law set to which no response is required.  To the extent a response is required, Defendants deny the allegations.

2.      Answering Para. 2, the allegations are conclusions of law to which no response is required.  To the extent a response is required, admit that Plaintiff identifies as a transgender male and that Plaintiff was lawfully received in January 2020 at Bedford Hills Correctional Facility (Bedford Hills) for processing to commence serving a duly imposed criminal sentence, and admit that Defendants are employed by the New York State Department of Corrections and Community Supervision (DOCCS), of which Bedford Hills is a correctional facility, otherwise Defendants deny.

3.      Answering Para. 3, the allegations are conclusions of law to which no response is required.  Object to the allegations as compound.  To the extent a response is required, Defendants deny the material allegations.

4.      Answering Para. 4, the allegations are conclusions of law to which no response is required.  Object to the allegations as compound.  To the extent a response is required, Defendants admit that Plaintiff was lawfully held in keeplock (not Medical Lock) for approximately 8 days during processing upon intake to DOCCS custody at Bedford Hills for valid security reasons, otherwise deny.

5.      Answering Para. 5, the allegations are conclusions of law to which no response is required.   Object to the allegations as compound.  To the extent that a response is required, Defendants deny the material allegations.

6.      Answering Para. 6, the allegations are conclusions of law to which no response is required.  Object to the allegations as compound.  To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations about Plaintiff's subjective state of mind, and deny that their conduct was unlawful or caused such state of mind.

**JURISDICTION AND VENUE**

7.      Answering Para. 7, the allegations are conclusions of law to which no response is required.

8.      Answering Para. 8, the allegations are conclusions of law to which no response is required.

9.      Answering Para. 9, the allegations are conclusions of law to which no response is required.  To the extent that a response is required, Defendants admit that Bedford Hills is in the Southern District of New York, otherwise deny.

**THE PARTIES**

10.      Answering Para. 10, object to the allegations as misleading.  Subject to that objection, Defendants admit that Plaintiff was lawfully incarcerated at times relevant to the action at Bedford Hills, a female facility, from where he was lawfully transferred to a male unit in a shock treatment facility, where he served the balance of his sentence until being released on parole, otherwise deny.

11.      Answering Para. 11, Defendants admit that Supt. LaManna was Supt. of Bedford Hills when Plaintiff was there, deny that the Court has jurisdiction to award non-monetary relief against a Defendant in her individual capacity, and otherwise deny the allegations.

12.     Answering Para. 12, Defendants admit that Supt. Gonzalez Russell was a DS at Bedford Hills when Plaintiff was there, deny that the Court has jurisdiction to award non-monetary relief against a Defendant in her individual capacity, and otherwise deny the allegations.

13.     Answering Para. 13, Defendants admit that DS Velez was ADS (not DS) for PREA Compliance at Bedford Hills when Plaintiff was there, deny that the Court has jurisdiction to award non-monetary relief against a Defendant in her individual capacity, and otherwise deny the allegations.

14.     Answering Para. 14, Defendants admit that Dr. Small was physician specializing in obstetrics and gynecology at Bedford Hills when Plaintiff was there, deny that the Court has jurisdiction to award non-monetary relief against a Defendant in her individual capacity, and otherwise deny the allegations.

15.     Answering Para. 15, Defendants admit that ADS Schade was an Offender Rehabilitation Coordinator at Bedford Hills when Plaintiff was there, deny that the Court has jurisdiction to award non-monetary relief against a Defendant in her individual capacity, and otherwise deny the allegations.

16.     Answering Para. 16, Defendants admit that Sgt. Medina was a correction sergeant at Bedford Hills with the duties and responsibilities of her assigned post when Plaintiff was there, deny that the Court has jurisdiction to award non-monetary relief against a Defendant in her individual capacity, and otherwise deny the allegations.

17.     Answering Para. 17, Defendants admit that SORC DeJesus was SORC at Bedford Hills when Plaintiff was there, deny that the Court has jurisdiction to award non-monetary relief against a Defendant in her individual capacity, and otherwise deny the allegations.

**FACTUAL ALLEGATIONS**

18.    Answering Para. 18, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

19.    Answering Para. 19, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

20.    Answering Para. 20, Defendants admit that Plaintiff was identified as female at birth and currently identifies as male, otherwise deny sufficient knowledge or information to form a belief as to the truth of the allegations.

21.    Answering Para. 21, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

22.    Answering Para. 22, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

23.    Answering Para. 23, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

24.    Answering Para. 24, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except admit that Plaintiff has a history of being prescribed hormone therapy and has reported a history of surgery including mastectomy and hysterectomy, but deny that plaintiff was consistent in reports of clitoral surgery as of the times relevant to this lawsuit.

25.    Answering Para. 25, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

**Intake at Rikers Island**

26.     Answering Para. 26, Defendants admit that Plaintiff was convicted of, among other things, 2 counts of criminal sale of a controlled substance in the third degree and sentenced to concurrent terms of 3-1/2 years imprisonment plus 3 years post-release supervision on December 12, 2019, otherwise deny sufficient knowledge or information to form a belief as to the truth of the allegations.

27.     Answering Para. 27, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

28.     Answering Para. 28, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

29.     Answering Para. 29, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

**Intake at Bedford Hills Correctional Facility**

30.     Answering Para. 30, Defendants deny.

31.     Answering Para. 31, Defendants admit that Plaintiff was transferred from Rikers Island to DOCCS custody at Bedford Hills on or about January 22, 2020, otherwise deny sufficient knowledge or information to form a belief as to the truth of the allegations.

32.     Answering Para. 32, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

33.     Answering Para. 33, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

34.     Answering Para. 34, Defendants deny sufficient knowledge or information to form

a belief as to the truth of the allegations.

35.     Answering Para. 35, Defendants admit that Plaintiff was required to undergo routine intake proceedings, including, but not limited to, a strip frisk pursuant to DOCCS Directive 4910, which speaks for itself, otherwise deny the allegations to the extent that it may take Directive 4910 out of context and otherwise deny for lack of sufficient knowledge or information to form a belief as to the truth of the allegations.

36.     Answering Para. 36, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

37.     Answering Para. 37, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

38.     Answering Para. 38, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

39.     Answering Para. 39, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

40.     Answering Para. 40, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

41.     Answering Para. 41, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

42.     Answering Para. 42, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except admit that Sgt. Medina interviewed Plaintiff pursuant to PREA on or about January 22, 2020.

43.     Answering Para. 43, Defendants deny sufficient knowledge or information to form

a belief as to the truth of the allegations, except Sgt. Medina denies that Plaintiff's rights were violated in any respect.

44.      Answering Para. 44, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

45.      Answering Para. 55, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, which do not define the phrase "have their genitals examined," and otherwise deny to the extent that the allegations are inconsistent with or taken out of context from the cited DOCCS policies, which speaks for themselves.

**<u>Invasive and Discriminatory Searches to Determine Genital Status</u>**

46.      Answering Para. 46, Defendants deny the allegations to the extent that they are inconsistent with or taken out of context from DOCCS written policies, which speak for themselves.

47.      Answering Para. 47, Defendants deny the allegations to the extent that they are inconsistent with or taken out of context from DOCCS Directive 4910, which speaks for itself.

48.      Answering Para. 48, Defendants deny the allegations to the extent that they are inconsistent with or taken out of context from DOCCS Division of Health Services Policy # 1.19 (Health Appraisal), which speaks for itself.

49.      Answering Para. 49, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations to the extent that they are inconsistent with or taken out of context from the applicable federal regulations.

50.      Answering Para. 50, the allegations are conclusions of law to which no response is

required.  To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, and the applicable regulation is ambiguous and/or Plaintiff misinterprets it.

51.     Answering Para. 51, object to the allegations as improperly assigning collective awareness to Defendants.  Subject to that objection, Defendants admit that at some point Plaintiff claimed transgender status, otherwise deny the allegations.

52.     Answering Para. 52, object to the allegations as improperly assigning collective conduct to Defendants and alleging conduct of DOCCS, a non-party.  Subject to those objections, Defendants deny the allegations.

53.     Answering Para. 53, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except deny that Supt. LaManna made the statement attributed to her.

54.     Answering Para. 54, Defendants admit that Plaintiff executed a Refusal of Medical Examination and/or Treatment form on January 22, 2020, declining the treatment described in the form at the time the form was executed, deny that the form evidenced anything other than a refusal of the examination or treatment at the time that it was executed, otherwise deny for lack of sufficient knowledge or information to form a belief as to the truth of the allegations.

55.     Answering Para. 55, the allegations are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**Solitary Confinement and Genital Examination**

56.     Answering Para. 56, admit that Plaintiff was placed on keeplock status in a single (i.e. one person) cell in the reception area for valid security reasons, deny that Plaintiff was

unlawfully placed in keeplock or that he was placed in a solitary cell or Medical Lock.

57.     Answering Para. 57, Defendants deny the allegations.

58.     Answering Para. 58, Defendants deny that Plaintiff was on Medical Lock and deny that Plaintiff was isolated from other incarcerated people.

59.     Answering Para. 59, Defendants deny that Plaintiff was in Medical Lock.

60.     Answering Para. 60, Defendants deny that Plaintiff was in Medical Lock and deny that there was no legitimate reason to place Plaintiff in keeplock.

61.     Answering Para. 61, Defendants deny that Plaintiff was in Medical Lock and deny that there was no legitimate reason to place Plaintiff in keeplock.

62.     Answering Para. 62, Defendants deny the allegations.

63.     Answering Para. 63, Defendants admit that Plaintiff spent 8 days on keeplock status in a single cell in the reception area and deny that he was in Medical Lock or that confinement was to coerce him into submitting to a genital examination.

64.     Answering Para. 64, Defendants deny the allegations.

65.     Answering Para. 65, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations except deny that their conduct violated Plaintiff's rights or injured him.

66.     Answering Para. 66, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

67.     Answering Para. 67, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except DS Velez admits speaking to Plaintiff, and denies the statements attributed to her.

10

68.     Answering Para. 68, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Defendants Supt. Gonzalez Russell, SORC DeJesus, and ADS Schade deny the statements attributed to them.

69.     Answering Para. 69, Answering Para. 67, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Supt. Gonzalez Russell denies the allegations.

70.     Answering Para. 70, Answering Para. 67, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Supt. LaManna's denies making the orders attributed to her and SORC DeJesus denies making the purported threat attributed to her.

71.     Answering Para. 71, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except SORC DeJesus denies that she made the purported threat attributed to her.

72.     Answering Para. 72, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

73.     Answering Para. 73, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations except Supt. LaManna and ADS Velez admit that OMH Associate Psychologist W.L. Bates wrote a memo addressed to them, among others, relating purported statements by Plaintiff, which speaks for itself, and deny that Bates related her own opinion in the memo.

74.     Answering Para. 74, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Supt. LaManna and ADS Velez admit that OMH

Associate Psychologist W.L. Bates wrote a memo addressed to them, among others, relating purported statements by Plaintiff.

75.     Answering Para. 75, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except deny that Plaintiff was in Medical Lock and admit that Plaintiff saw Dr. Small on January 30, 2020.

76.     Answering Para. 76, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small admits that she discussed the examination with Plaintiff and denies that she told Plaintiff that the purpose was to know more about Plaintiff's genitalia.

77.     Answering Para. 77, Defendants object to the allegation of evidentiary detail, which fails to be a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2).  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small denies that she acted in any manner to violate Plaintiff's rights.

78.     Answering Para. 78, Defendants object to the allegation of evidentiary detail, which fails to be a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2).  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small denies that she acted in any manner to violate Plaintiff's rights.

79.     Answering Para. 79, Defendants object to the allegation of evidentiary detail, which fails to be a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2).  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small denies that she acted in any manner to violate Plaintiff's rights.

80.     Answering Para. 80, Defendants object to the allegation of evidentiary detail, which

fails to be a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2).  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small denies the allegations and the other Defendants deny that the allegations truthfully reflect their opinion.

81.     Answering Para. 81, Defendants object to the allegation of evidentiary detail, which fails to be a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2).  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except that Dr. Small denies that she assured Plaintiff that she needed to perform only a visual examination, denies that she acted in any manner to violate Plaintiff's rights, but admits that she may have given Plaintiff time to decide whether to proceed.

82.     Answering Para. 82, Defendants object to the allegation of evidentiary detail, which fails to be a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2).  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, and Dr. Small denies the allegations.

83.     Answering Para. 83, Defendants object to the allegation of evidentiary detail, which fails to be a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2).  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small denies the allegations.

84.     Answering Para. 84, Defendants object to the allegation of evidentiary detail, which fails to be a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2).  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small denies that all testing could have been done with blood or urine

samples.

85.     Answering Para. 85, Defendants deny sufficient knowledge to form a belief as to the truth of the allegations except that Plaintiff consented to be examined by Dr. Small and Dr. Small admits that her examination was done with and to the extent of Plaintiff's consent, and denies that she conducted any portion of the examination without Plaintiff's consent or in violation of Plaintiff's rights.

86.     Answering Para. 86, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small denies that she "instructed" Plaintiff to do anything, nor did anything occur to which he did not consent.

87.     Answering Para. 87, Defendants deny sufficient knowledge to form a belief as to the truth of the allegations, except Dr. Small denies that she placed her finger on Plaintiff's genitalia without Plaintiff's consent.

88.     Answering Para. 88, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small denies that she conducted any part of the examination without Plaintiff's consent or in violation of Plaintiff's rights.

89.     Answering Para. 89, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small admits that she took a swab (Q-tip) of Plaintiff with Plaintiff's consent, and otherwise denies the allegations.

90.     Answering Para. 90, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except Dr. Small admits that she discontinued the examination upon Plaintiff's request to terminate it and otherwise denies the allegations.

91.     Answering Para. 91, object to the paragraph's incomplete, selective and misleading

quotation of Dr. Small's medical note.  Subject to that objection, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations, except refer to Dr. Small's medical note of January 30, 2020, in its entirety, and deny the allegations' description of it to the extent inconsistent with or out of context from the note as a whole, and deny that the examination was inconsistent with PREA regulations and DOCCS policy, deny that the examination was without Plaintiff's voluntary consent, and Supt. LaManna denies the allegations attributed to her.

92.     Answering Para. 92, Defendants deny the notes of the examination do not reflect Plaintiff's consent and deny that there was any requirement to affirmatively state that consent was given or to note that Plaintiff had signed a form reflecting refusal to be examined by a different doctor more than a week earlier.

93.     Answering Para. 93, Defendants deny the allegations.

94.     Answering Para. 94, Defendants deny that Plaintiff was ever in Medical Lock to be released from it.

95.     Answering Para. 95, Defendants deny sufficient knowledge or information as to the truth of the allegations, except that DS Velez denies that she told Plaintiff that he was being released from confinement because he completed a genital examination.

96.     Answering Para. 96, Defendants deny sufficient knowledge or information as to the truth of the allegations pertaining to Plaintiff's subjective state of mind, but deny that the examination was inconsistent with PREA regulations, DOCCS policy or any other provision of law, and deny that the examination was without Plaintiff's voluntary consent.

97.     Answering Para. 97, Defendants object to the allegation as misleading.  Subject to

that objection, Defendants admit that Plaintiff was paroled on or about September 10, 2020, following discharge from a male shock treatment program at Lakeview Correctional Facility.

### FIRST CAUSE OF ACTION (4TH AD., UNREASONABLE SEARCH)

98.     Answering Para. 98, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

99.     Answering Para. 99, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

100.    Answering Para. 100, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

101.    Answering Para. 101, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

102.    Answering Para. 102, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

103.    Answering Para. 103, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

104.    Answering Para. 104, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

105.    Answering Para. 105, the allegations contain conclusions of law to which no response is required.  To the extent a response is required. Defendants deny the allegations.

### SECOND CAUSE OF ACTION (8TH AD., MEDICAL INDIFFERENCE)

106.    Answering Para. 106, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

107.    Answering Para. 107, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

108.    Answering Para. 108, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

109.    Answering Para. 109, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

110.    Answering Para. 111, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

111.    Answering Para. 111, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

112.    Answering Para. 112, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

113.    Answering Para. 113, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**THIRD CAUSE OF ACTION (8TH AD., SEXUAL ASSAULT-Dr. Small only)**

114.    Answering Para. 114, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendant Dr. Small denies the allegations.

115.    Answering Para. 115, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants Dr. Small denies the allegations.

116.    Answering Para. 116, the allegations contain conclusions of law to which no

response is required.  To the extent a response is required, Defendant Dr. Small denies the allegations.

117.    Answering Para. 117, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendant Dr. Small denies the allegations.

118.    Answering Para. 118, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendant Dr. Small denies the allegations.

**FOURTH CAUSE OF ACTION (8ᵀᴴ AD., FAILURE TO PROTECT, Sexual Assault-LaManna, Medina, Gonzalez Russell, Velez, DeJesus, Schade)**

119.    Answering Para. 119, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

120.    Answering Para. 120, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

121.    Answering Para. 121, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

122.    Answering Para. 122, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

123.     Answering Para. 123, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

**FIFTH CAUSE OF ACTION (8TH AD., EXCESSIVE FORCE-Dr. Small only)**

124.     Answering Para. 124, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendant Dr. Small denies the allegations.

125.     Answering Para. 125, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendant Dr. Small denies the allegations.

126.     Answering Para. 126, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendant Dr. Small denies the allegations.

127.     Answering Para. 127, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendant Dr. Small denies the allegations.

**SIXTH CAUSE OF ACTION (8TH AD., FAILURE TO PROTECT-Excessive Force, LaManna, Medina, Gonzalez Russell, Velez, DeJesus, Schade)**

128.     Answering Para. 128, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

129.     Answering Para. 129, the allegations contain conclusions of law to which no

response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

130.    Answering Para. 130, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

131.    Answering Para. 131, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants against whom the claim is alleged deny the allegations.

**SEVENTH CAUSE OF ACTION (14TH AD., EQUAL PROTECTION)**

132.    Answering Para. 132, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

133.    Answering Para. 133, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

134.    Answering Para. 134, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

135.    Answering Para. 135, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

136.    Answering Para. 136, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

137.    Answering Para. 137, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

138.    Answering Para. 138, the allegations contain conclusions of law to which no

response is required.  To the extent a response is required, Defendants deny the allegations.

139.    Answering Para. 139, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

140.    Answering Para. 140, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**EIGHTH CAUSE OF ACTION (14TH AD., UNWANTED MEDICAL PROCEDURE)**

141.    Answering Para. 141, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

142.    Answering Para. 142, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

143.    Answering Para. 143, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

144.    Answering Para. 144, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

145.    Answering Para. 145, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

146.    Answering Para. 146, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

147.    Answering Para. 147, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

148.    Answering Para. 148, the allegations contain conclusions of law to which no

response is required.  To the extent a response is required, Defendants deny the allegations.

149.    Answering Para. 149, the allegations contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**CONCLUSION**

150.    Answering the Conclusion to the Complaint, Defendants deny that Plaintiff is entitled to any relief.

<u>**DEFENSES**</u>

**FIRST DEFENSE**

151.    The Complaint fails to state claims upon which relief can be granted in whole or in part.

**SECOND DEFENSE**

152.    To the extent that plaintiff purports to assert claims against defendants in their official capacities, the action is barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

**THIRD DEFENSE**

153.    To the extent that plaintiff seeks damages, defendants have qualified immunity in that their conduct did not violate clearly established law or that persons in their positions could have held the objectively reasonable belief that their conduct did not violate clearly established law.

**FOURTH DEFENSE**

154.    Plaintiff may have failed to exhaust available administrative remedies as required by law, 42 U.S.C. § 1997e(a).

**FIFTH DEFENSE**

155.    The Court should decline jurisdiction to hear any claim that plaintiff may purport

to allege under state law.

**SIXTH DEFENSE**

156.    Defendants have immunity from any state law claim under NY Correction Law §

24.

**SEVENTH DEFENSE**

157.    Plaintiff lacks standing for prospective non-monetary relief.

**<u>JURY TRIAL DEMANDED</u>**

158.    Defendants demand trial by jury to the extent such is available.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, together with

costs and disbursements and reasonable attorney's fees, and such other and further relief as the

Court may deem just and proper.

Dated: New York, New York  
        February 8, 2023

Respectfully Submitted,

LETITIA JAMES  
Attorney General of the  
 State of New York  
<u>Attorney for Defendants</u>  
By:

/s/ Steven N. Schulman  
STEVEN N. SCHULMAN  
Assistant Attorney General  
28 Liberty Street, 18th Floor  
New York, New York 10005  
(212) 416-8654  
steven.schulman@ag.ny.gov

STEVEN N. SCHULMAN  
Assistant Attorney General  
<u>Of Counsel</u>

23